

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

EVERETT MYERS,

    Plaintiff,

v.                                     CIVIL ACTION NO.: 4:14cv32

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

*MEMORANDUM OPINION AND ORDER*

This matter is currently before the Court on Defendant's objections to the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the Magistrate Judge's Report and Recommendation is **ADOPTED**, Defendant's motion for summary judgment is **DENIED**, Plaintiff's motion for summary judgment is **GRANTED** only insofar as it seeks reversal and remand of the Commissioner's decision, and the Commissioner's decision is **VACATED** and **REMANDED** for a specific explanation of the discrepancy between the Vocational Expert's proposed jobs for Plaintiff and the Dictionary of Occupational Titles definitions of those jobs in light of Plaintiff's Reasoning Level 1.

## I. FACTUAL AND PROCEDURAL HISTORY

The procedural and factual history of this is case is lengthy and complex, and the United States Magistrate Judge recounted it thoroughly. Plaintiff filed an application for Disability Insurance Benefits ("DIB") on September 18, 2007, alleging a disability onset date of January 1, 1984, of chronic obstructive pulmonary disease ("COPD"), post-traumatic stress disorder

("PTSD"), asthma, sinusitis, lower back pain, ringing in the ears, left knee injury, and macular degeneration. Magistrate Judge's Report and Recommendation ("Magistrate Judge's R&R"), ECF No. 15, at 2. Pursuant to 42 U.S.C. § 423(a) and 20 C.F.R. §§ 404.101(a) and 404.131(a), a claimant for DIB must have insurance coverage at the time of the disability onset to qualify for benefits. Plaintiff's date last insured ("DLI") was December 31, 1989, more than five years after the alleged disability onset date.

Plaintiff's application was denied first on November 28, 2007, and again after reconsideration on January 31, 2008. R. 136 and 138. A hearing before an Administrative Law Judge ("ALJ") was held on March 19, 2009, and the ALJ denied Plaintiff's application on April 10, 2009. R. 141-49. After review by the Appeals Council, the ALJ's decision was vacated and remanded for consideration of the correct DLI and an explanation of the weight given to non-examining state agency opinions. R. 151-52. On May 5, 2010, the ALJ once again denied Plaintiff's application. Once the Appeals Council denied Plaintiff's request for review on February 12, 2011, the ALJ's decision became the final decision of the Acting Commissioner. R. 3-5. On June 16, 2011, this Court received a motion for review of the Acting Commissioner's determination. On September 28, 2012, this Court remanded the case to the Acting Commissioner. Thereafter, the Appeals Council vacated the ALJ's decision and remanded the case to a different ALJ. On November 8, 2013, the second ALJ denied Plaintiff's application.

On March 24, 2014, Plaintiff filed a *pro se* complaint seeking the Court's review of the Commissioner's decision and the Acting Commissioner filed an Answer on May 16, 2014. ECF Nos. 3 and 5. Plaintiff filed a Motion for Summary Judgment on July 1, 2015, and the Acting Commissioner filed a Cross-Motion for Summary Judgment on August 6, 2014. ECF Nos. 10

and 12. Plaintiff filed a Response on August 19, 2014. ECF No. 14. On August 8, 2014, the Court entered an Order referring this action to United States Magistrate Judge Lawrence R. Leonard ("Magistrate Judge") to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for disposition of this matter. On December 24, 2014, Magistrate Judge Leonard filed his Report and Recommendation ("R&R") in which he recommended that Defendant's Motion for Summary Judgment be **DENIED**, that the Plaintiff's Motion for Summary Judgment be **GRANTED** to the extent it seeks reversal and remand of the Commissioner's decision, and **DENIED** to the extent it seeks entry of an order directing the award of benefits, and that the Commissioner's decision be **VACATED** and **REMANDED** specifically for an explanation of the discrepancy between the jobs defined by the VE, Ms. Edwards, and the DOT definitions of those jobs in light of Mr. Meyers' Reasoning Level 1. ECF No. 15.

On January 12, 2015, Defendant filed Objections to the Magistrate Judge's R&R. ECF No. 16. On January 27, 2015, Plaintiff filed a response. ECF No. 17. This matter is now ripe for disposition by the Court.

## II. STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The "de novo" requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the Magistrate Judge's report and recommendation. *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by the [Magistrate Judge], if objected to, are subject to final *de*

novo determination...by a district judge..."); *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A district court reviewing an administrative decision under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (internal quotation and citations omitted). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (citing 42 U.S.C. § 405(g)).

### III. DISCUSSION

Defendant raises four objections to the Magistrate Judges R&R: 1) That ALJ Pianin properly relied on skill levels consistent with the Commissioner's controlling regulations in finding that Plaintiff could perform the unskilled jobs identified by the VE; 2) That ALJ Vest properly relied on the Commissioner's regulatory definitions of skill levels in finding that plaintiff could perform the unskilled jobs identified by the VE; 3) That the law-of-the-case doctrine is not applicable in this case; and 4) That the ALJ is ultimately responsible for resolving

conflicts in the evidence. After a full review of the record, the parties' briefs both on Defendant's objections and on the underlying Motions for Summary Judgment, the Court, having given fresh consideration to the Magistrate Judge's findings, finds that the ALJ's new determination of Plaintiff's Reasoning Level 2 was not supported by substantial evidence, and directly conflicts with the Court's initial remand Order. Therefore, for the additional reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.

### A. ALJ Reliance on Skill Levels

Defendant first objects to the Magistrate Judge's finding that Judge Pianin improperly relied on skill levels in finding that Plaintiff could perform the unskilled jobs identified by the VE and second to the Magistrate Judge's finding that Judge Vest improperly relied on the Commissioner's regulatory definitions of skill levels in finding that Plaintiff could perform the unskilled jobs identified by the VE. The Court overrules these objections because the Magistrate Judge conducted a significant, fair, thorough, and exhaustive review of the record and relevant legal authority and found that instead of complying with this Court's remand Order and explaining the discrepancy between the VE's testimony and Plaintiff's Reasoning Level 1, the ALJ completely changed Plaintiff's Reasoning Level. In so doing, the entire foundation of the Court's remand Order was bypassed.

This Court's remand Order was clear that the "ALJ failed to elicit any explanation for the discrepancies between the VE testimony and DOT description for each of the jobs that the VE identified. This explanation is necessary to provide sufficient basis for review and accordingly, the Court FINDS that the ALJ's decision is not supported by substantial evidence." Remand Order, 4:11cv62 ECF No. 18, at 10. The ALJ's task, as outlined both in the Court's remand

Order and Social Security Ruling 00-4p noted that "where there is an apparent unresolved conflict between [VE] evidence and the [DOT], the adjudicator must elicit a reasonable explanation for the conflict..." and "resolve the conflict by deciding if the [VE's] explanation of the conflict is reasonable." *Id.* (citing *Fisher v. Barnhart*, 181 Fed.Appx. 359, 265 (E.D.Va. 2006); SSR 00-4p, 2000 WL 1898704 at *2). Further, the ALJ must resolve any such conflict before relying on additional testimony to make an ultimate disability determination. *Id.* The Court's remand Order did not instruct the ALJ to simply revise Plaintiff's Reasoning Level, instead it required, consistent with Social Security Rulings, that the ALJ first explicitly explain the discrepancy between the determined Reasoning Level and the record evidence. Because the Magistrate Judge correctly found that no such explicit finding has been made, the Court finds it necessary to remand this case yet again.

**B.     The Law of the Case Doctrine**

The Magistrate Judge correctly held that the law-of-the-case doctrine applies in this case. As a general principle, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Cold Indus. Operating Corp.*, 486 U.S. 800, 815-816 (1998). Defendant argues that the law-of-the-case doctrine is inapplicable in this case because "ALJ Pianin did not assign a reasoning level or rely upon reasoning levels in finding that Plaintiff could perform unskilled work." ECF No. 16 at 10. The Court's remand Order was clear: the ALJ was to explain the discrepancy between the jobs proposed by Ms. Edwards and the DOT definitions of those jobs when considering Plaintiff's Reasoning Level 1. The Court is mindful of the split among the circuits on whether the law-of-the-case doctrine applies in Social Security cases generally, and specifically in cases analogous

to this. However, the Court finds that the very error the Court initially identified in its remand Order was premised upon a conflict between the evidence and Plaintiff's Reasoning Level. Therefore, the Court's instruction to the ALJ for an explanation of the discrepancy was premised on the notion that the Reasoning Level had been established. It was error, then, and in violation of the law-of-the-case doctrine for the ALJ to alter the Reasoning Level.

C.     **ALJ as Finder of Fact**

Finally, Defendant objects to the Magistrate Judge's finding that the ALJ exceeded the scope of this Court's remand Order. Defendant argues that "the only question before this Court is whether ALJ Vest properly resolved any conflicts between the VE's testimony, Tr. 607-16, and the DOT regarding skill levels in finding that Plaintiff could perform the unskilled jobs identified by the VE." ECF No. 16 at 12. Certainly the ALJ is tasked with making factual findings to resolve any conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). The Court's remand Order in no way subverted the ALJ's authority to resolve conflicts in the evidence. Indeed, as the Magistrate Judge noted, "Judge Vest's only course of action, as controlled by this Court's mandate, was to explain the discrepancy between the jobs proposed by Ms. Edwards and the DOT definitions of those jobs, considering Mr. Myers' Reasoning Level 1." ECF No. 15. The Court remanded the case *precisely* to resolve a conflict in the evidence. The ALJ exceeded the scope of that Order by changing Plaintiff's Reasoning Level and failing to explain the discrepancy between the record evidence and Plaintiff's Reasoning Level 1. The Court overrules this objection in part and sustains this objection in part. On remand, the ALJ is specifically directed to consider all relevant evidence relating to Plaintiff's Reasoning Level, explain the discrepancy between the

jobs identified in the national economy and Plaintiff's Reasoning Level 1, and issue a new decision.

The Court remanded this case once for one very specific purpose: for a factual resolution of a discrepancy between the record and the identified Reasoning Level. Once again the Court finds it necessary to remand the case for an explanation of the same discrepancy. The ALJ is most certainly the finder of fact and the arbiter of conflicts in the evidence, however, because the law-of-the-case doctrine dictates that "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review," the Court finds it appropriate to remand the case for the specific purpose stated below. *Sullivan v. Hudson*, 490 U.S. 877, 885-56 (1989).

## IV. CONCLUSION

This Court has independently reviewed the record in this case and the objections to the Report. Having done so, the Court finds that there is no meritorious reason to sustain Defendant's objections. After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed on December 24, 2014. Defendant's motion for summary judgment is **DENIED**, Plaintiff's motion for summary judgment is **GRANTED** only insofar as it seeks reversal and remand of the Commissioner's decision, and the Commissioner's decision is **VACATED** and **REMANDED** for a specific explanation of the discrepancy between the Vocational Expert's proposed jobs for Plaintiff and the Dictionary of Occupational Titles definitions of those jobs in light of Plaintiff's Reasoning Level 1.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 17, 2015

/s/ Raymond A. Jackson
United States District Judge